Eliza Harris and J. W. Harris of Creek county, Okla., grantors for and in consideration of $1 cash in hand paid, the receipt of which is hereby acknowledged, and of the royalties to be paid and covenants to be kept hereunder do hereby grant, bargain, sell and convey unto J. E. Wise of Creek county, Okla., grantee, all the oil, gas, coal and other minerals in and to the hereinafter described land."

There were other conditions annexed to said instrument, and this court in that case held that the instrument constituted an ordinary oil and gas lease, and in syllabus paragraph 1 of said case, this court said:

"1. The contract or lease examined, and held to be an ordinary oil and gas lease contract, and subject to the same rules of construction. It rests no right in the lessee to the real estate, nor any interest therein or right thereto, save to explore for oil, etc."

An absolute and unqualified grant of mineral rights is very distinct from an instrument dependent for its maturity and consummation upon the right to thereafter prospect for such mineral on the lands described therein within a given time. The instrument before us is wholly within the latter class.

The plaintiff emphasizes the following clause, which is to be found in said contract:

"This lease is not intended as a franchise, but is intended as a conveyance of the property above described for the purposes herein mentioned, and it is so understood by both parties to this agreement."

Here we find that the second party, who furnished the form of the agreement, designates the same as a lease, and in the same clause provided, "but is intended as a conveyance of the property above described for the purposes herein mentioned."

Clearly, under the terms of said instrument, its purpose was to develop the lands that there might be actual production of minerals, and the rights of the plaintiff were dependent upon development and production.

If this contract is to be construed as a grant, why make provisions that development begin within a certain time? Why make provisions that by the payment of a certain amount such time might be extended? Why provide that if operations were not begun within the terms of said contract, the same should become immediately "null and void"?

The instrument is labeled an "Oil, Gas and Mining Lease." Of course, the title does not fix the status of the instrument. It is the terms and conditions that are to be found in the instrument that are determinative of the construction to be placed thereon.

An examination of the instrument clearly shows that it was the intention of the parties thereto, and they so contracted, that the second party should within a certain time prospect for oil, gas, and other minerals, and if found, to develop the same and pay royalties thereon to the owner of the land, and if the second party failed to perform the agreement within the time named in the contract time, all of his rights and interests therein would cease.

The plaintiff also asserts that on account of the instrument being ambiguous it was the duty of the court to permit certain facts to go to the jury upon proper instruction of the court. To this contention we cannot agree, for the reason that the contract is in no manner ambiguous or uncertain as to its terms or conditions.

Plainly, the instrument constituted a lease, and the plaintiff having long forfeited all interest therein by abandonment and lapse of time, as shown by the plaintiff's petition, the court properly and correctly sustained the demurrers thereto, and the judgment is affirmed.

MASON, V. C. J., and HARRISON, PHELPS, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See 40 C. J. p. 1078, §696.

---

## EGGLESTON v. SINCLAIR OIL & GAS CO. et al.

No. 18377. Opinion Filed May 29, 1928.

(Syllabus.)

**Oil and Gas—Instrument Construed as Lease Forfeited by Abandonment.**

The judgment of the trial court is affirmed upon the authority of case No. 18375, Thomas L. Eggleston, Sr., v. Sinclair Oil & Gas Company et al., this day decided (132 Okla. 81, 269 Pac. 306).

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by Thomas L. Eggleston, Sr., against the Sinclair Oil & Gas Company et al. Judgment for defendants, and plaintiff brings error. Affirmed.

Snyder, Owen & Lybrand, for plaintiff in error.

Edw. H. Chandler, Wm. O. Beall, Thos. J. Hanlon, Summers Hardy, Robert L. Im-

ler, and W. W. Sutton, for defendants in error.

LESTER, J. The identical question here presented was involved in No. 18375, Thomas L. Eggleston, Sr., v. Sinclair Oil & Gas Co. et al., this day decided by this court (132 Okla. 81, 269 Pac. 306), and by stipulation of the parties, this case was submitted on the same briefs and oral argument.

The decision in Eggleston, Sr., v. Sinclair Oil & Gas Co. et al., supra, is therefore controlling here, and upon authority of that case it is ordered that the judgment herein be, and the same is hereby, affirmed.

MASON, V. C. J., and HARRISON, PHELPS, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

---

## EGGLESTON v. SINCLAIR OIL & GAS CO. et al.

No. 18378. Opinion Filed May 29, 1928.

(Syllabus.)

**Oil and Gas—Instrument Construed as Lease Forfeited by Abandonment.**

The judgment of the trial court is affirmed upon the authority of case No. 18375, Thomas L. Eggleston, Sr., v. Sinclair Oil & Gas Company et al., this day decided (132 Okla. 81, 269 Pac. 306).

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by Thomas L. Eggleston, Sr., against the Sinclair Oil & Gas Company et al. Judgment for defendants, and plaintiff brings error. Affirmed.

Snyder, Owen & Lybrand, for plaintiff in error.

Edw. H. Chandler, Wm. O. Beall, Thos. J. Hanlon, Summers Hardy, Robert L. Imler, and W. W. Sutton, for defendants in error.

LESTER, J. The identical question here presented was involved in No. 18375, Thomas L. Eggleston, Sr., v. Sinclair Oil & Gas Co. et al., this day decided by this court (132 Okla. 81, 269 Pac. 306), and by stipulation of the parties, this case was submitted on the same briefs and oral argument.

The decision in Eggleston, Sr., v. Sinclair Oil & Gas Co. et al., supra, is therefore controlling here, and upon authority of that case, it is ordered that the judgment herein be, and the same is hereby, affirmed.

MASON, V. C. J., and HARRISON, PHELPS, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

---

## EGGLESTON v. SINCLAIR OIL & GAS CO. et al.

No. 18376. Opinion Filed May 29, 1928.

(Syllabus.)

**Oil and Gas—Instrument Construed as Lease Forfeited by Abandonment.**

The judgment of the trial court is affirmed upon the authority of case No. 18375, Thomas L. Eggleston, Sr., v. Sinclair Oil & Gas Co., Garfield Oil Co., Laura Crews et al., this day decided (132 Okla. 81, 269 Pac. 306).

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by Thomas L. Eggleston, Sr., against the Sinclair Oil & Gas Company et al. Judgment for defendants, and plaintiff brings error. Affirmed.

Snyder, Owen & Lybrand, for plaintiff in error.

Edw. H. Chandler, Wm. O. Beall, Thos. J. Hanlon, Summers Hardy, Robert L. Imler, and W. W. Sutton, for defendants in error.

LESTER, J. The identical question here presented was involved in No. 18375, Thomas L. Eggleston, Sr., v. Sinclair Oil & Gas Company et al., this day desided by this court (132 Okla. 81, 269 Pac. 306), and by stipulation of the parties, this case was submitted on the same briefs and oral argument .

The decision in Eggleston, Sr., v. Sinclair Oil & Gas Co. et al., supra, is therefore controlling here, and upon authority of that case it is ordered that the judgment herein be, and the same is hereby, affirmed.

MASON, V. C. J., and HARRISON, PHELPS, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

---

## DANCY et al. v. PEEBLY et al.

No. 19589. Opinion Filed July 28, 1928.

(Syllabus.)

1. **Elections—Electors Entitled to Direct Vote for Opposing Candidates in Primary—Legislature Without Power to Substitute Such Right.**

By virtue of section 5, art. 3 of the Con-